■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLADYS MILLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered March 26, 1986, convicting her of rape in the first degree (two counts), sodomy in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing a sentence of indeterminate terms of 5 to 15 years' imprisonment on each of the rape counts to run concurrently with each other and 5 to 15 years' imprisonment on each of the sodomy counts to run concurrently with each other and consecutively to the terms of imprisonment on the rape counts, and a definite term of one-year imprisonment on the endangering the welfare of a child count, to run concurrently with all other sentences imposed.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision providing that the terms of imprisonment imposed on the sodomy counts are to run consecutively to the terms of imprisonment imposed on the rape counts, and substituting therefor a provision that said terms of imprisonment shall run concurrently; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Under the circumstances of this case, the sentence imposed was excessive to the extent indicated.

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.